849 F.2d 610
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James W. WEST, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-3795.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1988.
 
 Before ENGEL, Chief Judge, and KEITH and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff James West appeals from the judgment of the United States District Court for the Southern District of Ohio affirming the decision of the Secretary of Health and Human Services denying him disability and disability insurance benefits. West claims a number of physical impairments, including a congestive and an arteriosclerotic heart condition, an ulcer, osteoarthritis, and diabetes.
 
 
 2
 This is the second time this court has been asked to decide this case. On the first appeal from the Secretary's denial, we remanded the case, instructing the Administrative Law Judge [ALJ] to gather more information on West's ability to do medium work. West v. Secretary of Health and Human Services, No. 83-3889, slip op. at 4 (6th Cir. Oct. 23, 1984). The case was also remanded to the ALJ for an individualized treatment of West's claim, since the ALJ's application of the grid was error given the ALJ's prior "finding that West's nonexertional impairment limits the range of jobs available to him." Id. at 3 (citing Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir.1981)).
 
 
 3
 On remand, the ALJ once again denied benefits based on his finding that West had an exertional capacity for medium work and based on the opinion of a vocational expert that West could engage in various semi-skilled jobs to which his skills would be transferable. Contrary to the Secretary's previous findings, however, the ALJ concluded that West did not have a severe nonexertional impairment pursuant to 20 CFR 404.1521, Regulations No. 4, which would limit the range of jobs ordinarily available to him. The Appeals Council amended the ALJ's decision so as to base the finding of "no disability" solely on application of the grid, but otherwise affirmed. In the case of James W. West, decision of Appeals Council at 2 (August 7, 1986). West then appealed to the United States District Court for the Southern District of Ohio, and the court affirmed the Secretary's finding of "no disability". West v. Bowen, No. C-2-82-0153, slip op. (S.D.Ohio July 9, 1987).
 
 
 4
 Upon a complete review of the record established following remand, we are forced to reverse the district court's affirmance. We take this action because we find that the Secretary failed yet a second time to support its finding that West is capable of doing medium work, despite our clear mandate that the existing evidence on this issue was insufficient. Specifically, the only new evidence introduced consisted of a clinical evaluation presented by West's treating physician which indicated that West was not able to lift any more than twenty pounds. Apparently, the ALJ must have also considered the testimony of the nonexamining physician, Dr. Engelman, to constitute "new" evidence, since the ALJ relied exclusively on this testimony for his conclusion that West was capable of doing medium work. See In the Case of James W. West, decision of the Administrative Law Judge at 7 (February 28, 1986) ("Accordingly, the opinion of the medical advisor, Dr. Engelman, is accepted regarding the claimant's capacity for exertional activities.").
 
 
 5
 We find the ALJ's findings and the Appeals Council's affirmance of those findings unacceptable. Not only has this court expressly declared that the testimony of a nonexamining physician should be afforded less weight than the reports of physicians who have treated a patient over a period of time, Allen v. Califano, 613 F.2d 139 (6th Cir.1980), but in our remand order to the Secretary we specifically directed the ALJ to "reconsider West's residual functional capacity.... [since t]he prior determination, that West is capable of medium work, was made with no evidence either way." West v. Secretary, slip opinion at 4 (6th Cir.1984). A nonexamining physician's examination of an old medical record fails to satisfy our earlier requirement that reconsideration be based upon new evidence.
 
 
 6
 Plainly, the earlier panel of our court concluded that the Secretary's denial of benefits was not supported by substantial evidence. The report of a non-treating physician who has never examined the wage-earner does not fill this void, especially where it is undisputed that this 66-year old plaintiff was wholly unable to pursue his former employment. Accordingly, the decision of the district court is
 
 
 7
 VACATED and the case REMANDED with instructions to further remand to the Secretary and direct that benefits be awarded.
 
 
 8
 RYAN, Circuit Judge, dissenting.
 
 
 9
 While I agree that the rationale underlying the Secretary's decision is inconsistent with this court's remand instructions issued in 1984, West v. Secretary of Health and Human Services, No. 83-3889 (6th Cir. October 23, 1984), I would nevertheless affirm the Secretary's decision because it appears to me to be supported by substantial evidence.
 
 
 10
 Based upon the record as a whole, Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985), the Secretary's finding that West is not disabled is supported by substantial evidence because West has the residual functional capacity to perform a variety of forms of low-stress medium work. This conclusion is buttressed by West's own testimony as well as that of Dr. Steiman, Dr. Derrow, Dr. Blissenbach, Dr. Engelman, and W. Bruce Walsh, Ph.D., the Secretary's vocational expert. I respectfully disagree with my brothers' conclusion that this court's 1984 opinion held that the existing evidence on West's ability to do the lifting required for medium work was insufficient. In my view, this court did not hold that the record lacked the evidence necessary for a finding that West could lift and carry fifty pounds occasionally and twenty-five pounds frequently. Rather, we held that the Secretary failed to articulate whether his finding was based upon any such evidence.
 
 
 11
 While I share my colleagues' frustration at the Secretary's failure once again to follow this court's instructions, the Secretary's noncompliance relates to the rationale of the decision we review and not the substantiality of the evidence supporting the finding of no compensable disability.
 
 
 12
 For the foregoing reasons I would affirm the judgment of the district court.